**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **MARY BOLDEN** | ) |
| | ) |
| Plaintiff, | ) |
| | )   Cause No. |
| v. | ) |
| | ) |
| **MIDWEST RECOVERY SYSTEMS, LLC** | ) |
| | ) |
| Serve at: | ) |
| Brandon Tumber | ) |
| 12 Westbury Drive | ) |
| St. Charles, Missouri 63301 | ) |
| | ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, Mary Bolden, and for her Class Action Complaint states as follows:

### INTRODUCTION

1.      This is an action for damages brought by an individual consumer on behalf of the potential class members identified herein for Defendant's violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

### JURISDICTION

2.      This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

### PARTIES

3.      Plaintiff is a natural person currently residing in Jefferson County, Missouri.

4.      Defendant Midwest Recovery Systems, LLC ("MRS") is a Missouri corporation and debt collection agency located in St. Charles, Missouri.  MRS is subject to the jurisdiction and venue of this court.

### FACTS

1

5.      Upon information and belief, Defendant called Plaintiff's cellular telephone in an attempt to collect a debt.

6.      Upon information and belief, Defendant uses a predictive dialer to make such calls.

7.      According to its promotional materials, it is the policy and practice of Defendant to use predictive dialing technology to make collection telephone calls.  Its website states, "Our predictive dialing campaigns allow us to get a maximum call flow that at a minimum[,] triples the amount of calls standard call center agents can make."

8.      Plaintiff and the class have been substantially damaged by the illegal phone calls.

9.      Defendant used an automatic telephone dialing system, as defined by 47 USC 227(a)(1), to make all of its calls Plaintiff's cellular phone.

10.      Defendants' telephone dialing system had the capacity to store and dial and generate telephone numbers.  It used this system when it telephoned Plaintiff.

11.      Defendants' calls were not for an emergency purpose and Plaintiff never authorized Defendant to contact her cell phone.

## CLASS ALLEGATIONS

12.      Upon information and belief, it is Defendant's routine practice to engage in the above-described collection tactics in its phone calls to consumers.

13.      Upon information and belief, it is Defendant's routine practice to violate the TCPA by using an automatic dialer to call consumers' cellular phones without the consumers' express consent in non-emergency situations.

14.      This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class consists of the following persons:

a.      Part One (the "TCPA class"): all residents of the United States who received on their cellular phone, within four years prior to the date of this Petition and on or before 30 days following the filing of this action:

i.  Any telephone call;

ii.  Where Defendants used its predictive dialing equipment, and

iii.  Where the call was placed in a non-emergency situation, and

iv.  Where the consumer did not provide prior express consent to Defendants to be contacted on his or her cellular telephone.

15.     Members of the class are so numerous that joinder is impracticable. Based on research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout the United States.

16.     Upon information and belief, Defendants have engaged in the improper collection communications and telephone calls described above with thousands of consumers.

17.     Plaintiff is a member of the class she seeks to represent.

18.     There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

19.     Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.  Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully.  Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

3

20.     A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendant.

21.     Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

22.     The purposes of the TCPA will be best effectuated by a class action.

23.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

24.     Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

25.     Many, if not all, class members are unaware that claims exist against the Defendant.  There will be no unusual difficulty in the management of this action as a class action.

26.     There are common questions of law and fact predominate over all individual questions in this action.  The common questions are whether: (1) whether Defendant engaged in a pattern of using its predictive dialer to place calls to cellular telephones; and (2) Damages, including whether the violations were negligent, willful or knowing.

27.     Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

28.     Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

4

29.     All Class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual Class members is calculable and ascertainable.

## COUNT I: VIOLATION OF THE TCPA

30.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

31.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a.     Placing autodialed non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff in violation of 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that this Court certify the proposed class, appoint Plaintiff class representative, appoint the undersigned as class counsel, and that judgment be entered against Defendant and in favor of Plaintiff and the class for:

A.     Judgment that Defendant's conduct violated the TCPA;

B.     Injuctive Relief;

C.     Statutory damages pursuant to 47 USC 227 (b)(3); and

D.     For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

**s/ James W. Eason**

_____
**JAMES W. EASON, #57112**
**THE EASON LAW FIRM, LLC**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
 **james.w.eason@gmail.com**

5